IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MELANIE OSUCH,<br>   Plaintiff,<br><br>v<br><br>EOS CCA,<br>   Defendant. | )<br>)<br>) Case No.:<br>)<br>)<br>)<br>) COMPLAINT AND DEMAND FOR<br>) JURY TRIAL<br>)<br>) (Unlawful Debt Collection Practices)<br>)<br>) |

## COMPLAINT

MELANIE OSUCH, ("Plaintiff") by her attorneys, ANGELA K. TROCCOLI, ESQUIRE and Kimmel & Silverman, P.C., alleges the following against EOS CCA ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Connecticut, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person, who resides in Plainville, Connecticut.

6. Plaintiff is a "consumer", as defined by 15 U.S.C. § 1692a(3).

7. Defendant is a debt collection company with its corporate headquarters located at 700 Longwater Drive, Norwell, Massachusetts 02061.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant sought to collect an alleged consumer debt from Plaintiff, related to an AT&T account.

11. The alleged debt Defendant was seeking to collect arose out of transactions, which were primarily for personal, family, or household purposes.

12. The debt could not have been a business debt, as Plaintiff owes no business debt.

13. Between November 2011 and January 2012, Defendant and its representatives placed repeated and continuous calls to Plaintiff's home telephone, in order to collect the alleged debt.

14. Defendant regularly called Plaintiff more than three times in a day.

15. Defendant called Plaintiff in excess of twenty times in a month.

16. On several occasions, Defendant called Plaintiff back immediately after Plaintiff hung up on Defendant.

17. When Defendant called Plaintiff, Plaintiff repeatedly attempted to speak with Defendant's representatives with the hope of conveying to Defendant her intent to pay the debt upon securing employment.

18. However, when Plaintiff answered the telephone, there was no live representative of Defendant on the line, but simply an automated recording, informing Plaintiff of her debt.

19. As Plaintiff had already been informed numerous times of this debt, Defendant's repeated calls could not have been to notify Plaintiff of her obligation, but rather to harass Plaintiff in making immediate payment.

20. On at least one occasion, Defendant called Plaintiff after 9:00 pm, Eastern Standard Time.

21. This call occurred when Plaintiff was in bed, and greatly disrupted her nightly routine.

22. The fact that Defendant would call Plaintiff this late, showed Defendant's reckless disregard for Plaintiff's right to solitude and right to be free from collection calls at this hour.

23. Defendant's communications with Plaintiff were intentionally harassing and abusive.

# DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

## COUNT I

24. Section 1692c(a)(1) of the FDCPA prohibits debt collectors from communicating with a consumer at any unusual time or place or a time or place known to be inconvenient or which should be known to be convenient to the consumer.

25. Defendant violated § 1692c(a)(1) of the FDCPA when it called Plaintiff after 9:00 pm Eastern Standard Time.

## COUNT II

26. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

27. Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly and continuously, when it called Plaintiff back immediately after Plaintiff hung up the telephone, when it called Plaintiff after 9:00 pm, and when it engaged in other harassing or abusive conduct.

## COUNT III

28. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

29. Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff' telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff.

## COUNT IV

30. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect a debt.

31. Defendant violated § 1692f of the FDCPA when it called Plaintiff repeatedly and continuously, when Defendant called Plaintiff back immediately after Plaintiff hung up the telephone, when it called Plaintiff after 9:00 pm, and when it engaged in other unfair conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MELANIE OSUCH respectfully prays for a judgment as follows:

a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MELANIE OSUCH, demands a jury trial in this case.

1
2
3                                    RESPECTFULLY SUBMITTED,
4
                                     MELANIE OSUCH
5                                    By her Attorney,
6
                                     /s/ Angela K. Troccoli
7                                    Angela K. Troccoli, Esquire, Id# ct28597
                                     Kimmel & Silverman, PC
8                                    *The New England Office*
                                     136 Main Street, Suite 301
9                                    Danielson, CT 06239
                                     (860) 866-4380- direct dial
10                                   (860) 263-0919- facsimile
                                     atroccoli@creditlaw.com
11
12
13
        Dated: May 16, 2012
14
15
16
17
18
19
20
21
22
23
24
25